IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JONATHAN HOUSE | § | |
| v. | § | CIVIL ACTION NO. 9:08cv22 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Jonathan House, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255, complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

House was charged with three counts of being a felon in possession of a firearm, and pleaded guilty on October 1, 2004, to Count One of the indictment. He was admonished that if he had three prior convictions for crimes of violence, he would qualify for Armed Career Criminal status, which carried a sentence of 15 years to life in prison. House's guilty plea contained a provision waiving appeal and the right to file any post-conviction collateral challenges except under limited circumstances.

On March 7, 2005, House was sentenced to 180 months in prison upon a finding that he was an armed career criminal. Two days later, the Court continued the sentencing hearing in light of the Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (2005), in which the Supreme Court held that a sentencing court, in applying the Armed Career Criminal Act, could not rely solely upon police reports or complaint applications in determining whether an earlier guilty plea, to a prior

1

offense, supported the conviction under the ACCA. When House's sentencing proceeding was resumed, the Government offered four certified copies of prior convictions to support the finding that House was a career criminal. The Court thereupon determined that the 180-month conviction would stand.

On March 28, 2005, House filed a notice of appeal. His appellate counsel, John Heath, filed a motion to withdraw on November 28, 2005, stating that no meritorious grounds for appeal existed. House filed a response to the motion on January 5, 2006, complaining that Heath had been ineffective. The Fifth Circuit denied Heath's motion to withdraw on July 13, 2006, and ordered him to file a new brief stating the Government's position with respect to the waiver of appeal, or a brief on the merits of the appeal. Heath filed an amended motion to withdraw on August 29, 2006, stating that the Government intended to enforce the waiver of appeal. On March 9, 2007, the Fifth Circuit dismissed House's appeal on the basis that there were no non-frivolous grounds for appeal.

In his Section 2255 motion to vacate or correct sentence, House complains that the Government charged him twice for the same conduct, that he pleaded guilty under 18 U.S.C. §924(g)(1) but was sentenced under 18 U.S.C. §924(c)(1), counsel was ineffective for failing to object to the double conviction and failing to review his case, counsel was ineffective for failing to object to the pre-sentence investigation report, and counsel was ineffective for not filing "procedures on my behalf" in the Fifth Circuit.

House contends that the crime for which he was originally indicted carried a sentence of no more than 10 years, but he was sentenced to 15 years. He says that Heath was ineffective for allowing this, and that Heath told him "you can try to appeal this, I will make sure you get 30 years, and you can tell the courts how I messed your case up, I don't care because I am about to retire."

The Government has been ordered to answer and has done so. In its answer, the Government notes that House entered into a written plea agreement which contained the following waiver of appeal provision:

Except as otherwise provided in this agreement, the Defendant expressly waives the right to appeal his sentence on all grounds, including an appeal of sentencing pursuant to 18 U.S.C. 3742. The Defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. 2255. The Defendant however reserves the right to appeal the following:(a) any punishment imposed in excess of the statutory maximum; (b) any upward departure from the guideline range deemed most applicable by the sentencing court; (c) arithmetic errors in the guideline calculations; and (d) a claim of ineffective assistance of counsel that affects the validity of the waiver itself. The Defendant knowingly and voluntarily waives his right to appeal in exchange for the concessions made by the Government in this agreement and with full understanding that the Court has not determined his sentence.

The Government argues that none of House's claims fit within the exceptions set out in this waiver and so his Section 2255 motion is barred by the waiver. The Government also says that House's substantive claims afford him no basis for relief. The Government does concede that there is a typographical error in House's judgment of conviction, in that it reflects a conviction under 18 U.S.C. §924(g)(1), while it should say that House pleaded guilty and was sentenced for violations of 18 U.S.C. §922(g)(1) and 924(e). The Government requests that the Court issue an amended judgment correcting this clerical error, which amended judgment would not impact or alter his conviction or term of imprisonment. The Government further contends that House's claims of ineffective assistance of counsel relate to this clerical error and do not impact the validity of the waiver of appeal or the guilty plea itself.

House filed several motions seeking extensions of time in which to respond to the Government's answer, and was given until December of 2008, over five months, in which to do so, but no response was filed. He has argued in various motions that he needs additional documents, including the notice of Section 924(e) enhancements, the elements of the offense, the motion to appoint new counsel, the sealed sentencing memoranda, the pre-sentence investigation report, and the statement of reasons for the sentence, but he has failed to show that these documents are relevant to the issue of the waiver of appeal.

After review of the pleadings, the Magistrate Judge issued a Report on January 15, 2009, recommending that the petition be dismissed. The Magistrate Judge first concluded that House's

3

waiver of appeal was valid and that none of the issues which he raised fell within the exceptions set out in this waiver, and so this waiver barred his Section 2255 motion.

The Magistrate Judge then went on to review the sentencing proceedings and the change of plea proceedings. House testified in these proceedings that he wished to enter a guilty plea, that he understood that the maximum penalty was ten years unless he had three prior convictions for a drug offense or violent felony, which could raise the sentence range to 15 years to life, and that the plea agreement read by the U.S. Attorney was in fact the one into which he had entered. The Magistrate Judge concluded that there was nothing in the change of plea proceeding or the sentencing proceeding indicating that House had received ineffective assistance of counsel, much less that any such ineffectiveness had affected the validity of the waiver or the plea itself. House specifically testified that he wanted to enter a guilty plea and that his wish to do so was voluntary.

The Magistrate Judge went on to observe that House's claims of ineffective assistance of counsel primarily related to the clerical error in the judgment. Although House complained that Heath did not "file procedures for me" in his appeal, the record shows that Heath determined that House's appeal was frivolous, an assessment with which the Fifth Circuit agreed. The Magistrate Judge therefore recommended that the judgment be reformed to reflect the proper statute of conviction and that House's Section 2255 motion be otherwise denied.

House filed a document which he styled as an untimely response to the Government's answer on January 30, 2009, followed by objections to the Magistrate Judge's Report on February 6, 2009. In these pleadings, he raises for the first time a contention that counsel was ineffective for failing to object on the basis that one of his prior convictions was not a "violent felony" for purposes of the Armed Career Criminal Act. As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). This claim is not properly before the Court; in the interest of justice, however, the Court will review it.

4

In the first place, House's contention that the waiver of appeal does not apply because the sentence he received was higher than the statutory maximum for the crime for which he should have been convicted is specious. The waiver of appeal refers to the crime for which the guilty plea was actually entered, not a different crime that the defendant believes he should have been charged with. The waiver of appeal thus serves to bar House's claims.

In addition, even were the merits of House's claim properly before the Court and not barred by the waiver of appeal, it is clear that this claim is lacking in merit. The pre-sentence investigation report reveals three convictions cited for the ACCA enhancement. These are: burglary of a habitation, cause no. 7135-96-12; burglary of a habitation, cause no. 7136-96-12; and engaging in organized criminal activity, cause no. 8689-99-8. In this latter case, the offense report reflected that House and a co-defendant burglarized a building, the fieldhouse at Stephen F. Austin State University. They drove onto campus and took bicycles from the car. They then rode the bicycles to the fieldhouse, which they entered through an unlocked door. They stole some items from a desk, cash, and shoes from a locker, but then heard someone coming and left. They rode their bicycles back to the car and drove off.

House argues that the conviction for engaging in organized criminal activity is not properly a predicate offense for a finding of armed career criminal status. Hence, he says, his claim falls within an exception to the waiver of appeal, because he received a sentence in excess of what he legally should have been given; according to House, because this offense was not properly a predicate offense, the finding of armed career criminal status was invalid, and so he should have faced a maximum of ten years in prison, but received 15.

The armed career criminal statute in effect at the time of the commission of the offense in this case, 18 U.S.C. §924(e), stated as follows:

(e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision

of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(2) As used in this subsection--

(A) the term "serious drug offense" means--

(I) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

(C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

At the sentencing hearing for House, the U.S. Attorney explained that the indictment for the charge of engaging in organized criminal activity charged House with knowingly and intentionally entering a building or portion of a building not then open to the public without the effective consent of the owner and attempt to commit the theft of property. The U.S. Attorney stated that this was a generic burglary charge as referenced in the Supreme Court case of Shepard v. United States, 125 S.Ct. 1254 (2005).

In Shepard, the Court noted that the listing of "burglary" as a violent felony referred to "generic burglary," an unlawful or unprivileged entry into, or remaining within, a building or structure with intent to commit a crime. The Act normally prohibits the later court from delving into facts disclosed by the record of conviction, leaving the court to look only to the fact of conviction

and the statutory definition of the prior offense. An exception exists where the jury, in a state with a broader definition of burglary, is actually required to find all of the elements of a generic burglary offense. However, the Court went on to state that in determining whether a burglary qualifies as a "generic burglary," the sentencing court may look to the statutory definition, the charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented. In addition, the Supreme Court has explained that an offense constitutes "burglary" for purposes of a ACCA sentence enhancement if either its statutory definition substantially corresponds to "generic burglary," or the charging paper and jury instructions actually required the jury to find all of the elements of "generic burglary" in order to convict the defendant.[1]

In this case, House was not convicted of an offense called "burglary," but an offense called "engaging in organized criminal activity." The definition of this offense, as set forth in the Texas Penal Code, is as follows:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following:

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, aggravated assault, aggravated sexual assault, sexual assault, forgery, deadly conduct, assault punishable as a Class A misdemeanor, burglary of a motor vehicle, or unauthorized use of a motor vehicle;

(2) any gambling offense punishable as a Class A misdemeanor;

(3) promotion of prostitution, aggravated promotion of prostitution, or compelling prostitution;

(4) unlawful manufacture, transportation, repair, or sale of firearms or prohibited weapons;

(5) unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception;

---

[1] As noted above, these "basic elements" are an unlawful or unprivileged entry into, or remaining within, a building or structure with intent to commit a crime.

(6) any unlawful wholesale promotion or possession of any obscene material or obscene device with the intent to wholesale promote the same;

(7) any offense under Subchapter B, Chapter 43 [public indecency or obscenity], depicting or involving conduct by or directed toward a child younger than 18 years of age

(8) any felony offense under Chapter 32 [fraud];

(9) any offense under Chapter 36 [bribery];

(10) any offense under Chapter 34 [money laundering] or 35 [insurance fraud];

(11) any offense under Section 37.11(a) [impersonating a public servant];

(12) any offense under Chapter 20A [trafficking of persons]; or

(13) any offense under Section 37.10 [tampering with government records].

As noted above, the operative act upon which the conviction was based was the burglary of the fieldhouse at Stephen F. Austin State University. In order to sustain a finding of guilt, all of the elements of generic burglary had to be and in fact were satisfied. For this reason, this conviction was properly used as a predicate offense under the Armed Career Criminal Act, and House's objections are without merit even were they properly before the Court and not barred by the waiver of appeal.

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the judgment in this criminal case is hereby MODIFIED, *nunc pro tunc*, to reflect the fact that House pleaded guilty and was sentenced for violations of 18 U.S.C. §922(g)(1)

and 924(e), and not 18 U.S.C. §924(g). The Clerk shall enter a *nunc pro tunc* judgment in House's criminal case reflecting this correction. There shall be no change in House's sentence or time computation as a result of this clerical correction. It is further

ORDERED that the Movant Jonathan House is hereby denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 18 day of **February, 2009.**


Thad Heartfield
United States District Judge