IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JONATHAN EDWARD HOUSE | § | |
| v. | § | CIVIL ACTION NO. 9:08cv22 (Crim. No. 9:04cr22) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT GRANTING RELIEF**

The Movant Jonathan House, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of the sentence which he received for the offense of being a felon in possession of a firearm. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

During trial, House was admonished that if he had previously sustained three convictions for crimes of violence, thus qualifying him for Armed Career Criminal status, he would face a sentence of 15 years to life in prison. On October 1, 2004, he pleaded guilty to Count One of the indictment, pursuant to a written plea agreement, and the remaining counts were dismissed on the motion of the Government.

On March 7, 2005, House was sentenced to 180 months imprisonment upon a finding that he was an armed career criminal. On March 9, 2005, the sentencing hearing was continued in light of the Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (2005), in which the Supreme Court held that police report or complaint applications would not suffice to support a sentence under the Armed Career Criminal Act. When House's sentencing hearing was held, the

1

Government offered four certified copies of prior convictions, and so the Court determined that the original 180 month sentence under the Act would stand. House appealed the conviction, but the Fifth Circuit held that there were no non-frivolous grounds for appeal.

In his Section 2255 motion, House argued that the Government had charged him twice for the same conduct, he pleaded guilty under 18 U.S.C. §924(g)(1) but was sentenced under 18 U.S.C. §924(c)(1), counsel was ineffective for failing to object to the pre-sentence report, and he received ineffective assistance of counsel on appeal. House complained that the offense for which he was charged carried a maximum sentence of 10 years but he was sentenced to 15, and that his attorney at sentenced "let them double-convict me" and changed the indictment to a charge carrying 15 years. The Government's answer to the Section 2255 motion relied on the written plea agreement which House signed, which included a waiver of appeal provision; this answer also argued that House's claims did not provide him with any substantive basis for relief.

The Magistrate Judge recommended that House's petition be denied, based upon the waiver of appeal provision. The Magistrate Judge also determined that House had not received ineffective assistance of counsel. The motion to vacate was denied on February 18, 2009, and House filed a notice of appeal.

On September 3, 2010, the Fifth Circuit vacated the judgment of the district court and remanded the case with instructions to grant Section 2255 relief and to re-sentence House within the statutory maximum. In do doing, the Fifth Circuit observed that the Government had changed course on appeal; in the district court, the Government had opposed House's motion, but on appeal, the Government conceded error and joined House's request for re-sentencing within the proper statutory maximum.

The Magistrate Judge duly issued a Report recommending that House's motion to vacate be granted, that his criminal case be reopened, and that his sentence be set aside. The Magistrate Judge further recommended that House be re-sentenced to a term within the statutory maximum, as set forth in the opinion of the Fifth Circuit Court of Appeals. Finally, the Magistrate Judge

recommended that House's motion for credit of back time be denied without prejudice to House's right to seek the award of all time credits to which he may be entitled upon re-sentencing.

Copies of the Magistrate Judge's Report were sent to the parties, but no objections have been received; accordingly, the parties are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has carefully reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Movant Jonathan House's motion to vacate or correct sentence is hereby GRANTED. The criminal case of United States v. Jonathan House, Crim. No. 9:04cr22, is hereby REOPENED for purposes of re-sentencing as set forth in the opinion of the Fifth Circuit Court of Appeals. It is further

ORDERED that any motions which may be pending in this civil action, including House's motion for credit of back time (docket no. 71) are hereby DENIED. House may seek such time credits to which he may be entitled at the time of re-sentencing.

**SIGNED** this the **29** day of **October, 2010.**

_____
Thad Heartfield
United States District Judge